Curia, per

Richardson, J.
The only question is, whether the sale made by the sheriff to Vance and Davis, under the judgment of Eaves, can be supported by the elder judgment of Ross. Or, does the endorsement “wait orders,” (fee. suspend the lien, or binding efficacy of that judgment, so as to rest the sale, exclusively, upon the younger judgment, as if the former did not existí
*92 It is of no consequence under what named execution or judgment, the sheriff sells a defendant’s property, the sale is, in virtue of all existing liens of the kind, and every execution gives the practical authority to sell until all are satisfied, and the liens are satisfied successively, in the order of priority of time ; and thus each execution amounts to a venditioni exponas for all the preceeding judgments. But does the indorsement “wait orders,” «fee. lift or destroy the prior lien on the older judgment, like an injunction out of chancery'?
The intention of such an order, is plainly to suspend the active proceeding of the sheriff. It could, at most, amount to a suspension or withdrawal of the execution, not of the lien of the judgment.
But the old case of Snipes vs. The Sheriff of Charleston District, in 1 Bay, 295, and again in Greenwood et al. vs. Naylor, 1 McCord, 414, decides the very case; the binding efficacy of the judgment remains, the active energy only of the execution is suspended, and the money raised, must still go to the first lien.
The contract of Young, to satisfy the elder j udgment to Ross, and the actual offer to pay it, after the sale by the sheriff, to Vance and Davis, could not alter their vested rights. Their title had, then, become perfected.
The court, therefore, perceive no good ground for the motion, which is accordingly dismissed.
O’Neall and Butler, JJ. concurred.